# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4066 | **DATE** | July 2, 2010 |
| **CASE TITLE** | Nelson Ray, Jr. (#2008-0074736) v. Dr. Vena Cherrian, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $3.34 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Dr. Vena Cherrian and Cermak Health Services, violated the plaintiff's constitutional rights by being deliberate to a serious medical need. More specifically, the plaintiff alleges that after receiving a haircut with un-sanitized clippers he developed a fungal rash on his scalp. Dr. Cherrian treated the plaintiff with Hydroclorozone and an anti-fungal shampoo, however, the rash continues to recur. The plaintiff alleges that Cermak Health Services is deliberately indifferent to his serious healthcare need because it has not provided a dermatologist to Cook County Jail.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.34. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915A(b), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief.

To prevail on a constitutional claim for failure to provide medical care, a pretrial detainee must satisfy both an objective and subjective component. First, to satisfy the objective element, he must show that the deprivation alleged was a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is one that is "life threatening or poses a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). The need must be so obvious that even a lay person would easily recognize that it requires a doctor's attention. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The plaintiff's medical need was not sufficiently serious. Plaintiff's medical complaint - a fungal rash - does not rise to the level of an objectively serious medical need. *See Sanders v. Allen Co. Jail*, No. 106-CV-302, 2006 U.S. Dist. LEXIS 64232, 2006 WL 2578977, *2 (N.D. Ind. Sept. 6, 2006) (fungal infections are not sufficiently serious); A fungal foot rash is not so serious that it is life threatening or poses a risk of needless pain or lingering disability. *See Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). *See also Ware v. Fairman*, 884 F.Supp. 1201, 1206 (N.D.Ill) (1995) (Castillo, J.) (the plaintiff's medical condition was a skin problem which poses no serious threat to the plaintiff's medical and physical health). As the plaintiff has failed to state an objectively serious medical condition, his claims of deliberate indifference against Dr. Cherrian fail and must be dismissed.

Additionally, the plaintiff sues Cermak Health Services for failing to keep a dermatologist on staff at the Cook County Jail. Cermak Health Services is not a sable entity and must consequently be dismissed. *See Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."